KANE, Respondent, v. THE SUPREME TENT OF THE KNIGHTS OF THE MACCABEES OF THE WORLD, Appellant.

St. Louis Court of Appeals, May 16, 1905.

1. **LIFE INSURANCE: Death Claim: Conditions Precedent to Suit.** Where the by-laws of a mutual benefit association require the performance of unreasonable conditions before resort to the courts in the collection of a claim on account of the death of a member, such conditions will not be upheld.

2. ———: ———: ———. Where the by-laws of a mutual benefit association provided for the adjudication of claims on death benefit certificates and appeals from one tribunal to another which would probably keep the claim pending for two or three years, and such by-laws required that all such remedies should be exhausted before the resort to an action at law, the requirement was unreasonable and suit might be brought before an adjudication by the court of last resort in the order.

3. ———: Suicide: Burden of Proof. In an action on a life insurance policy, where the defense was suicide of the insured, under provision of the policy which made it void in such case, and the evidence showed that the insured came to his death by a pistol shot fired by his own hand, the presumption was that the death was accidental and the burden was on the defendant to prove that it was suicidal.

Kane v. Lodge.

4. ———: ———: ———: **Jury Question.** Where evidence, in such case, was introduced tending to show suicide, the question was one of fact for the jury.

5. ———: **Inquest: Evidence.** In such case the inquest of the coroner and the verdict of the coroner's jury were inadmissible in evidence to show the manner in which the deceased came to his death.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

REVERSED AND REMANDED.

*F. H. Bacon* for appellant.

(1) It is a well-settled principle of law that, before bringing an action at law against a fraternal beneficiary corporation, all the remedies provided by the laws of the order should be exhausted. Such a requirement is a condition precedent to suit, and unless complied with the action is premature. It is not contended by respondent that any appeal was ever taken by her from the action of the board of trustees in rejecting her claim, of which she had due notice. Mulroy v. Supreme Lodge, 28 Mo. App. 463; Supreme Lodge v. Raymond, 57 Kan. 547; Hœffner v. Grand Lodge, 41 Mo. App. 359; Glardin v. Supreme Lodge, 50 Mo. App. 43; Levy v. Order, etc., 67 N. H. 593; Oliver v. Hopkins, 144 Mass. 175; Jeane v. Grand Lodge, 86 Me. 434; Wood v. Lodge, 20 R. I. 795; Ocean Castle v. Smith, 58 N. J. L. 545; Whitty v. McCarthy, 20 R. I. 792; Green v. Board of Trade, 174 Ill. 585, 51 N. E. 599, 49 L. R. A. 365; Ryan v. Cudahy, 157 Ill. 108, 41 N. E. 760, 49 L. R. A. 353. (2) The appellant, being a fraternal beneficiary organization, duly admitted to do business in Missouri, had the right to exempt itself from liability from cases of suicide. McDermott v. Modern Woodmen, 97 Mo. App. 637, 71 S. W. 833; Shotliff v. Modern Woodmen, 100 Mo. App. 138, 73 S. W. 326; Hudnall v. Modern Woodmen, 103 Mo. App. 356, 77 S. W. 84. (3) Where the evidence of suicide is clear,

it is the duty of the court to give a peremptory instruc-
tion, and the evidence in this case admits of no other con-
clusion than that Walsh came to his death from a pistol
shot fired by himself with suicidal intent. The court, by
giving a peremptory instruction, ruled that there was no
evidence whatever of suicide, whereas, not only was the
defendant entitled to have the question submitted to the
jury, but was really entitled to have an instruction in its
favor. Kornfield v. Supreme Lodge O. M. P., 72 Mo.
App. 604; Ingraham v. National Union, 103 Ia. 395, 72
N. W. 559; Fletcher v. Sovereign Camp, 81 Miss. 249, 32
South. 923; Clement v. Supreme Lodge (Tenn.), 81 S.
W. 1249; Agen v. Ins. Co., 105 Wis. 217. (4) The other
exceptions relate to the exclusion of the verdict of the
coroner's jury. It may be that the authorities are not
agreed on the proposition, but there are numerous cases
which hold that the verdict of the coroner's jury is al-
ways admissible as bearing on the cause of death. Ins.
Co. v. Kaiser, 24 Ky. 2454, 74 S. W. 203; Ins. Co. v. Hol-
lowell, 14 Ind. App. 611, 43 N. E. 277; Ins. Co. v.
Schmidt, 40 Ohio St. 112; Knights Templar, etc., Co. v.
Crayton (Ill.), 70 N. E. 1066; Grand Lodge v. Wieting,
168 Ill. 408, 48 N. E. 59.

*Wm. S. Campbell* for respondent.

(1) The rule is well settled that the beneficiary
named in the certificate of a fraternal association, not
being a member of the association, is not, and cannot be
bound by the laws of the association. The rule that
"Members shall exhaust their remedies in the order be-
fore resorting to a court of law," has reference only to
cases of members among themselves within the order,
and does not apply to a contest with the order itself, over
payment of a death claim. Bukofzer v. Grand Lodge, 61
Hun 625; 15 N. Y. Supp. 922; affirmed in 139 N. Y. 612;
Strasser v. Staats, 59 Hun 143; Kumle v. Grand Lodge,
110 Cal. 204, 42 Pac. 634; Relief Department v. White,

41 Neb. 560; Aid Ass'n v. Loomis, 43 Ill. App. 607; Daniher v. A. O. U. W., 10 Utah 110. (2) The appellant assumed the burden of proving that the deceased came to his death by a gunshot wound inflicted with suicidal intent. The burden was upon the defendant to establish this, and failing to do so, the trial judge acted within the rule and directed the verdict for the plaintiff. Reichenbach v. Ellerbe, 115 Mo. 588, 22 S. W. 573; Jackson v. Hardin, 83 Mo. 175; Bank v. Porter, 148 Mo. 176, 49 S. W. 982; Powell v. Railroad, 76 Mo. 80; Gunther v. Ins. Co., 134 U. S. 116. (3) The appellant having set up the defense of suicide, assumed the burden of proving that the deceased came to his death by committing suicide. This defense must be established by a preponderance of the evidence, and it is within the province of the trial judge to determine whether or not sufficient evidence has been introduced to allow the case to go to the jury. Where there is no evidence of suicide, or what is the same thing, the evidence is so slight as to justify the court in regarding the proof of suicide insufficient, then, without further evidence upon the part of the plaintiff, the court may direct a verdict for the plaintiff. Ins. Co. v. Randolph, 78 Fed. 759; Benefit Assn. v. Sargent, 142 U. S. 691; National Union v. Bennet, 20 App. Cas. (D. C.), 527. (4) The presumption is that the deceased did not commit suicide. To overcome this presumption, it was incumbent on the appellant to show that every reasonable hypothesis of accidental death was excluded by the evidence. And it was not in a position to go to the jury until it had introduced affirmative evidence to prove that the shot, which caused the death, was fired with suicidal intent. Shotliff v. Modern Woodmen, 100 Mo. App. 143, 73 S. W. 326; Stephenson v. Life Assn., 108 Iowa 637, 79 N. W. 459; Metzradt v. Modern Brotherhood of America, 112 Iowa 522, 84 N. W. 498; Royal Arcanum v. Brashears, 89 Md. 630; Walcott v. Ins. Co., 64 Vt. 221; Phillips v. Ins. Co., 26 La. Ann. 404, 21 Am. Rep. 549; Cox v. Royal Tribe of Joseph, 42 Or. 365, 71

Pac. 73, 60 L. R. A. 620.   (5)   The rule that coroner's inquisition proceedings and the verdict of a coroner's jury is not admissible in evidence to prove the cause of death has been followed with but few exceptions, in almost every State in the Union. This rule applies to the first four errors noted by appellant on page four of his brief. Chambers v. M. W. of A., 99 N. W. (S. D.) 1109; Cox v. Royal Tribe of Joseph, 42 Ore. 365, 71 Pac. 73, 60 L. R. A. 620; Wasey v. Ins. Co., 126 Mich. 119, 85. N. W. 459; Ins. Co. v. Lewin, 24 Colo. 43, 51 Pac. 488; Ins. Co. v. Hollowell, 14 Ind. App. 611, 43 N. E. 277; Ins. Co. v. Schmidt, 40 Ohio St. 112; Fletcher v. Woodmen of the World, 81 Miss. 249; Ins. Co. v. Kaiser, 115 Ky. 539, 74 S. W. 203.

### STATEMENT.

In substance, the petition alleges that defendant is a corporation and is engaged in the business of life insurance; that on September 12, 1902, it issued its policy of insurance to Kern E. Walsh, in favor of the plaintiff, for the sum of one thousand dollars, agreeing to pay said policy to plaintiff on the death of the insured (Walsh); that Walsh observed and performed all the conditions of the policy until his death, which occurred on October 24, 1902, and thereafter plaintiff, in due time, furnished the defendant with proofs of loss, surrendered the policy to defendant and demanded the payment of the amount of the insurance which the defendant refused.

The answer alleged, and it was admitted on the trial, that the defendant is a fraternal benefit society incorporated under the laws of Michigan and licensed to do business in the State of Missouri; admitted the issuance of a benefit certificate to Walsh for the sum of one thousand dollars, payable to plaintiff as beneficiary on the death of Walsh; admitted Walsh's death on or about October 24, 1902, and that proofs of his death had been furnished and the benefit certificate surrendered by plaintiff and admitted its refusal to pay the amount of

the certificate. As justification of its refusal to pay defendant's answer alleged that under the terms of the contract of insurance it was stipulated and agreed that the contract of insurance should become null and void if Kern E. Walsh should commit suicide, sane or insane and then alleged that he did, on or about Oct. 24, 1902, take his own life and commit suicide. For a further defense the answer states:

"That after the death of said Kern Edward Walsh, in accordance with laws of said order and as required thereby, said plaintiff presented her claim on said benefit certificate to the committee on claims of defendant order, by which the said claim was rejected, except for the said amount of $1.80, because the death of said Kern Edward Walsh was caused by suicide, and thereupon said claim went before the board of trustees of said defendant order, by which, after due notice and hearing the said claim was, on the fifteenth day of January, 1903, rejected, except for the said sum of $1.80, which said sum was afterwards duly tendered to plaintiff, and plaintiff was immediately notified of said action in accordance with the laws of said order.

Defendant states that thereafter said plaintiff did not take any appeal from said decision of said board of trustees to the court of appeals of said order, as required by the said contract, whereby said judgment of said board of trustees became final. Defendant states that by the laws of said order, as aforesaid, said requirements of appeal are conditions precedent to suit, and that this suit cannot be maintained until plaintiff has exhausted all the remedies provided within the said order, which she has not done."

On the trial defendant, in support of its defense, showed that it is a beneficial fraternal association organized and carried on for the sole benefit of its members and not for profit; that money to pay benefits is raised solely by assessments on its members; that it has a lodge system with ritualistic form of work, and that

it is and has been for the past twelve years licensed to do business in the State of Missouri as a fraternal beneficial association.

Walsh's application for insurance contains the following clause:

"I also agree that should I commit suicide, in contravention of the laws of said supreme tent, whether sane or insane at the time, that this contract shall be null and void and of no binding force upon said supreme tent."

The evidence shows that Walsh was found dead near Casner, in the State of Illinois, October 24, 1902, on the side of a public road, under circumstances which showed that he took his own life by shooting himself in the head with a pistol, accidentally or purposely.

Defendant proved and read in evidence the following laws of the order:

"BY COMMITTEE ON CLAIM.

"Sec. 480. The supreme commander, supreme record keeper and supreme counselor shall constitute the committee on claims of the supreme tent, to which shall be referrd all claims against the benefit funds of the association.

"Sec. 481. The supreme counselor shall be chairman of the committee on claims and it shall be his duty to examine and approve all claims which shall, in the judgment of the committee, or a majority thereof, be found to be proper charges against the benefit fund.

"Sec. 482. Claims not approved by the committee on claims, or a majority thereof, shall be referred to the board of trustees.

"BY BOARD OF TRUSTEES.

"Sec. 483. The board of trustees shall decide all claims, referred to it by the committee on claims, arising from the death or disability of a member holding a life benefit certificate in the supreme tent.

"Sec. 484. If, in the judgment of the board of trus-

tees, any such claim is invalid and not a proper claim for compromise, it shall reject it and immediately give notice to the claimant of such rejection, and of the place and time fixed, when the claimant may appear in person, or by attorney, before the board and be heard on oral or written evidence; such hearing shall be given not less than thirty nor more than sixty days after date of notice.

"Sec. 485.   If the board of trustees approve a claim, it shall be paid at once by warrant on the proper fund; if the board rejects that claim, it shall give immediate notice thereof to the claimant, and unless the latter appeals to the court of appeals, as provided in these laws, such decision shall be a final disposition of the claim.

"Sec. 486.   Notice of an appeal to the court of appeals must be filed with the supreme record keeper within thirty days from the date of notice of the rejection of the claim by the board of trustees, and the appellant, in the notice of appeal, shall specify the grounds upon which such appeal is based.

### "BY COURT OF APPEALS.

"Sec. 488.   If the court of appeals approve the claim, it shall notify the supreme-commander of such action, and if in the judgment of such officer the decision is erroneous, he shall give immediate notice of appeal to the supreme tent in behalf of the association. If no such appeal be taken the claim shall be paid at once by warrant on the proper fund.

"Sec. 489.   If the court of appeals rejects the claim, immediate notice thereof shall be given to the claimant. Such rejection shall be a final disposition of the claim unless the claimant appeals to the supreme tent. In case of an appeal by the supreme commander from the action of the court of appeals on behalf of the supreme tent, notice thereof shall be given at once to the claimant.

"Sec. 75.   The court of appeals shall meet at 10 a. m. on the second Tuesday of March, June, September

and December of each year at the office of the supreme record keeper in Port Huron, Mich., or at such other times as may be fixed by at least a majority of the members of the court.

"BY SUPREME TENT.

"Sec. 490. An appeal from the decision of the court of appeals shall be heard at the following review of the supreme tent. Notice of appeal by the claimant shall be filed with the supreme recorder within thirty days after notice of the rejection of the claim by said court; provided that if less than thirty days intervene, the claimant prosecute his or her appeal before the second review following such rejection.

"Sec. 491. In the event of an appeal to the supreme tent under these provisions, the supreme record keeper shall report the same, with all evidence in his possession, to the supreme tent, and the consideration of all appeals to the supreme tent shall be the special order of business on the fourth day of each regular review, at which time the claimant may appear in person, or by attorney, and be heard. The supreme tent shall during such review, decide the claim. If it be approved, it shall be paid by warrant on the proper fund. If it be rejected, notice thereof shall be given to the claimant.

"Sec. 492. To give any notice herein provided, it shall be sufficient to inclose a written copy thereof in a sealed envelope addressed to the claimant, or his attorney, at his last known post office address, properly stamped and mailed at the post office at Port Huron, Michigan, and the date of mailing the same shall be taken to be the date of giving such notice.

"Sec. 493. No suit at law or in equity shall be commenced or maintained against the supreme tent by a member or by any beneficiary, or any person claiming under any certificate of membership, until after such member, beneficiary or claimant shall have exhausted every remedy provided by these laws, and submitted his

claim to the committee on claims, the board of trustees, the court of appeals, and the supreme tent, in the manner in these laws provided.

, "Sec. 16. It shall be the supreme tribunal to which all final appeals shall be made on matters arising under these laws.

"Sec. 19. It shall have power, when an appeal is made under the laws of the association from the action of findings of the court of appeals, to decide as to the validity of all death claims or any other claim which a member or the beneficiary or a member may have against it.

## "When Void.

"Sec. 431. No benefits shall be paid on account of the death of a member who may, after admission, be killed or die from the result to injuries received, or who may become disabled while engaged in any of the occupations prohibited under these laws;

"Or while engaged in hazardous occupation for which he has not paid the extra rate, and been so reported to the supreme record keeper;

"Or when executed by judgment or order of any court;

"Or when the death of the member was intentionally caused by the beneficiary or beneficiaries of such member.

"Sec. 432. No benefits shall be paid on account of the death of a member when death was the result of suicide whether the member taking his own life was sane or insane at the time; provided, that in case of suicide twice the amount of all assessments of monthly rates paid to the supreme tent by such member, shall be paid back to the beneficiaries named in the certificate or to the person found to be entitled to receive the same, which amount shall not exceed the face of the certifi-

cate, and such amount shall be the full amount that can be claimed in any such cause.

"Sec. 495. If the required proofs of death are not made by the beneficiary entitled to the benefits, under the laws of the association, on the blanks prescribed by the supreme record keeper and filed with the supreme record keeper within twelve calendar months from the date of the death of the member, then in such case all claims whatsoever, which such beneficiary might have had against the supreme tent in respect of such death, shall lapse and become absolutely void.

"Sec. 496. In all claims against the supreme tent that have been submitted and denied by the various tribunals of the association, no suit in law or equity shall be commenced or maintained unless the same is instituted within one year after the final denial of such claim."

Defendant also proved that the claim of the plaintiff as the beneficiary in the certificate of insurance, was submitted to the board of trustees, under the laws of the order, and that the board considered the claim on January 15, 1903, and rejected it on the twenty-seventh day of February, 1903, and made a record of its proceedings and the rejection of the claim. The evidence shows that the claim was considered on evidence furnished by affidavits and correspondence. The record made on the claim by the board is as follows:

"At a meeting of the board of trustees, held February 27, 1903, a quorum being present;

"In the matter of the death claim of Kern E. Walsh, late a member of Anderson Tent No. 116, located at St. Louis, Missouri.

"This being the day fixed for further hearing of this case, after reading the communication from W. S. Campbell, attorney for claimant, Mary Kane, and it still appearing to the board that said claim is not a legal or valid one against the benefit funds of the order.

"Therefore, on motion the same was rejected except for the sum of one dollar and eighty cents, that being

double the amount contributed by said member to the life benefit fund during his membership, and the amount due under the laws of the order when the cause of death is suicide. And the Supreme Record Keeper is directed to notify the beneficiary, Mary Kane, and her attorney, W. S. Campbell, and said Anderson Tent No. 116, accordingly."

Defendant's evidence further shows that plaintiff's claim was presented to the committee on claims before it came before the board of trustees and that the following notice of the action of the board of trustees was sent to plaintiff by registered letter, which she received in due course, to-wit:

"In the matter of the death claim of Kern E. Walsh, late member of Anderson Tent No. 116, located at St. Louis, Mo.

"This claim comes before the board of trustees from the committee of claims, in whose judgment the same is not a proper charge upon the benefit fund of the order, and comes before the board by reason of such reference as is provided for in section 482, laws of the supreme tent.

"From the proofs and correspondence in this case it appears that Kern E. Walsh became a member of Anderson Tent No. 116 on the sixth day of September, 1902, at which time he had issued to him a life benefit certificate for $1,000, in which Mary Kane, his sister, was named as beneficiary.

"It further appears that he committed suicide on the twenty-fourth day of October, 1902, and that he had been a member of the order one month and eighteen days, and had contributed to the life benefit fund the sum of ninety cents.

"After duly considering the foregoing facts and the record in this case, the following was offered, which was adopted:

"Whereas, it appears that Kern E. Walsh, late a member of Anderson Tent 116, located at St. Louis, Mo.,

who was holding at the time of his death a life benefit certificate for $1,000, in which his sister, Mary Kane, is named as beneficiary, committed suicide on the twenty-fourth day of October, 1902, after a membership of one month and eighteen days, and

"Whereas, the records show that he paid into the life benefit fund the sum of ninety cents during the time of his membership, and

"Whereas, section 432, laws of the supreme tent for 1901, provides that no benefit shall be paid on account of the death of any member who commits suicide, whether the member taking his own life was sane or insane at the time, and that in such cases the only amount which the beneficiary named in the certificate shall be entitled to is double the amount which such member contributed to the life benefit fund during his membership, therefore,

"Resolved, that the said claim does not appear to be a valid one, and that the beneficiary, Mary Kane, sister, and said Anderson Tent No. 116, be notified accordingly and that February twenty-seventh, next, at the offices of supreme tent K. O. T. M., in the city of Port Huron, Michigan, be fixed as the time and place when and where said beneficiary may appear and show cause why such claim should be allowed for any greater sum than double the amount contributed by said member during his membership, to-wit: $1.80, at which time she may appear in person, with or without counsel, or make such showing by affidavit as she deems herself entitled to,

"Resolved, further, that the supreme record keeper be and he is hereby directed to notify the beneficiary and said tent accordingly, and with said notice send a copy of the sections of the laws governing the hearing of cases before the board of trustees.

"Port Huron, Mich., 1-20-1903.

"I hereby certify that the above is a true and correct copy of the proceedings of the board of trustees of the supreme tent K. O. T. M., at their meeting held Jan-

uary fifteenth last, so far as it relates to the, action taken in the matter of the death claim of Kern E. Walsh, late a member of Anderson Tent No. 116, Mo.

"Yours fraternally,

"Seal of                "G. J. SEIGLE,

Supreme Tent              "Sup. Com."

Knights of the Maccabees

of the World."

Plaintiff did not appeal from the action of the board of trustees but brought this suit instead.

At the close of the defendant's evidence, plaintiff asked and the court gave the following instruction to the jury:

"The court instructs the jury to find for the plaintiff in the sum of one thousand dollars ($1,000) with interest at the rate of six (6) per cent per annum from the eleventh day of May, 1903."

The jury returned a verdict as instructed. Defendant appealed.

BLAND, P. J. (after stating the facts).—1. The by-laws enacted by the association for settlement of claims within the association provide for two appeals; first, by the claimant to the court of appeals; second, an appeal from the decision of the court of appeals to the supreme tent, which may be taken by either party. The supreme tent, we understand, does not convene oftener than once in two or three years, hence these by-laws make it possible to keep a claim pending before the tribunals provided by the association, for two, three or more years before the claimant can resort to the courts to enforce his or her claim. For this reason it seems to us that their partial effect is to oust the courts of their jurisdiction to try these claims. They are at least unreasonable, and for this reason cannot be upheld by the courts. [Bacon on Benefit Societies, sec. 450; McMahon v. Maccabees, 151 Mo. 522; Strasser v. Staats, 66 N. Y. Sup. Ct. 143; Brown v. Order of Forresters,

176 N. Y. 132.] And we hold that the suit was not prematurely brought.

2. The evidence shows beyond a reasonable doubt that Walsh came to his death by a pistol shot fired from his own hand, either accidentally or with suicidal intent. In these circumstances, the law presumes that death was accidental, but this presumption is not conclusive; it is only a presumption of a fact and may be overturned by evidence. The defendant undertook to overturn this presumption by introducing evidence of the mental condition of Walsh on the evening before his death, and the circumstances and surroundings under which the dead body was found. The trial court seems to have been of the opinion that the circumstances were insufficient to overturn the presumption of accidental death. There seems to be some contradiction in the decisions as to the quantum of circumstancial evidence required to overturn the presumption of accident.

In Boynton v. Assurance Company, 52 L. R. A. 687, 105 La. 202, it was held, in an action to recover the amount of an insurance policy, for the defense of suicide to avail, the defendant should show that every reasonable hypothesis of an accidental death is excluded by the evidence. We followed the Boynton case in Shotliff v. Modern Woodmen, 100 Mo. App. l. c. 143, 73 S. W. 326, Bacon says, "When circumstantial evidence, only, is relied on the defense fails unless the circumstances exclude with reasonable certainty, any hypothesis of death by accident, or by the act of another." [Sec. 336a.]

On principle, it seems to us that these cases and the author give too much weight to the presumption that a sane man found dead, with a discharged pistol by his side, did not commit suicide. The presumption is only one of fact and ought not to have any greater weight than to cast the burden of proving suicide to the reasonable satisfaction of the jury upon the party asserting it. It was an issue of fact in this case whether or not

Kane v. Lodge.

Walsh shot himself accidentally or with suicidal intent. But for this presumption the burden of proving that the shooting was accidental would have been on the plaintiff, therefore, with the presumption in her favor, the burden was cast on the defendant, and it does seem that the presumption against suicide should not stand if overthrown by a preponderance of the testimony reasonably satisfactory to the jury, that the deceased committed self-destruction, and the law has been so declared in a number of well-considered cases. [Standard Life & A. Ins. Co. v. Thornton, 100 Fed. 582, 49 L. R. A. 116; Phillips v. Louisana Equitable Life Insurance Co., 26 La. Ann. 404; Mallory v. Travelers' Ins. Co., 47 N. Y. 52; Grand Lodge, etc., v. Wieting, 168 Ill. 408; Mutual Life Ins. Co. of N. Y. v. Miswell, 35 L. R. A. 258, 56 Kan. 765.]

The evidence was all circumstantial as to the manner and means of Walsh's death, but we think the circumstances were such as tended to overthrow the presumption of accidental death and that the question of suicide or accidental death should have been submitted to the jury under appropriate instructions.

3. Defendant offered the coroner's inquest in evidence, which was rejected by the court. This action is assigned as error. That these inquests are admissible in civil cases as prima facie evidence of the manner and means by which the deceased came to his death, has been held by many respectable authorities, and is stated to be the law by such eminent text-writers as Greenleaf, Phillips and Roscoe. There is a great array of equally respectable authorities to the contrary. Considering the loose and unsatisfactory manner in which these post-mortems are often held, we think the verdict of the coronor's jury would, in most instances, be as likely to lead the triers of the fact away from the truth as toward it. It seems to us that they ought to be classed rather as hearsay than as the result of a judicial investigation and for this reason, rejected as evidence in civil cases.

For the reason too great emphasis was given to the presumption that Walsh came to his death by accident, the judgment is reversed and the cause remanded. *Goode* and *Nortoni, JJ.,* concur.