MAUD RISINGER, Curatrix, Respondent, v. SUPREME COURT, INDEPENDENT ORDER OF FORESTERS, Appellant.

St. Louis Court of Appeals, June 6, 1911.

1. FRATERNAL BENEFICIARY ASSOCIATIONS: By-Laws Restricting Right to Sue: Validity. Though reasonable requirements concerning the prosecution of claims and appeals in the tribunals of an order are frequently sustained, where they do not entail considerable expense and delay, such provisions are universally declared void where they operate not only to undue delay in the determination of rights, but tend, as well, to oust the courts of jurisdiction over matters rightfully within their province.

2. ———: ———: ———: By-Laws Held Unreasonable. A by-law of a foreign fraternal beneficiary association, providing that no action should lie in favor of a beneficiary until he had exhausted all the remedies provided in the constitution and laws of the order, by appeals and otherwise, is unreasonable and void, when construed in connection with another by-law, *in pari materia* therewith, providing that the right of appeal should be vested in the beneficiary of a deceased member, and conferring a permissive right of appeal upon such beneficiary from the "Executive Council" to the "Supreme Court," of the order, which court met in Toronto, Canada, triennially or quadrennially, as the court might determine, for the reason the prosecution of such an appeal would entail considerable

expense upon, and cause considerable delay to, the beneficiary; and hence, where the claim of a beneficiary was rejected by an officer of such order, to whom it was properly presented, the beneficiary need not resort to the remedies within the order, prescribed in such by-laws, as a condition precedent to his right to recover in the courts.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams*, Judge.

AFFIRMED.

*Ernest C. Dodge* and *R. P. & C. B. Williams* for appellant.

The weight of authority holds that it is competent for a fraternal beneficiary association to require a claimant to exercise his remedies by appeal within the order before resorting to an action at law to recover a benefit. McMahon v. Supreme Council, 54 Mo. App. 468; Colley v. Wilson, 86 Mo. App. 396; Kane v. Lodge, 113 Mo. App. 104; Hoeffner v. Grand Lodge, 41 Mo. App. 359; Supreme Lodge v. Raymond, 49 L. R. A. (Kan.) 382; Union Fraternal Lodge v. Johnson, 124 Ga. 902; Modern Woodmen v. Taylor, 67 Kan. 369; Supreme Court v. Herlinger, 27 Ohio C. C. 151; Beeman v. Supreme Lodge S. of H., 215 Pa. 627; Weigand v. Fraternities, 97 Md. 443; Hoag v. Supreme Lodge, 134 Mich. 87; Myers v. Jenkins, 63 Ohio St. 101, 57 N. E. 1089; Levy v. Magnolia Lodge, 110 Cal. 297; Robinson v. Templars Lodge, 117 Cal. 370; Grimbley v. Harrold, 125 Cal. 24; Wick v. Fraternities, 21 Pa. Sup. Ct. 507; Railway, etc. v. Freight Conductors, 147 Ill. 138, 35 N. E. 168; Cauley v. Supreme Court I. O. F., 122 N. W. (Mich.) 567; Munger v. New Era Assn., 156 Mich. 645.

*John C. Robertson* for respondent.

The by-laws for the appellant requiring the respondent to appeal to the executive committee, from

the action of the supreme chief ranger, and then to the supreme court and "otherwise" before action may be taken in the courts of the land is unreasonable and therefore void. Purdy v. Banker's Life, 101 Mo. App. 105; Kane v. Maccabees, 113 Mo. App. 104; Bacon on Benefit Society, sec. 450; Strasser v. Staats, 66 N. Y. Sup. Ct. 143; Brown v. Order of Foresters, 34 Misc. Rep. (N Y.) 556, 66 App. Div. 259, 176 N. Y. 133; Fritz v. Knaub, 103 N. Y. Sup. 1003; Shiff v. Supreme Lodge Mutual Protection, 64 Ill. 341; Grimley v. Harrold, 125 Cal. 370; State ex rel. Kennedy v. Merchant's, 42 Mo. App. 96.

NORTONI, J.—This is a suit on a certificate of life insurance. Plaintiff recovered and defendant prosecutes the appeal.

Defendant is a benevolent society, incorporated in a foreign country, but authorized to do the business of life, insurance in this state. Plaintiff is curatrix of the estate of three minor children, who are the beneficiaries in a certificate of insurance for one thousand dollars which their mother, Mrs. Rose A. Wilson, held in defendant order at the time of her death. It is conceded throughout the case that all of the assessments and dues were paid by the insured during her lifetime and that the certificate was in full force and effect when she died, but its payment was sought to be evaded on other grounds, which the jury rejected.

The principal argument put forward here for a, reversal of the judgment goes to the effect that the suit may not be maintained for the reason plaintiff failed to exhaust the remedies within the order by prosecuting several appeals through its tribunals before instituting suit on the certificate. It appears the claim was rejected by defendant's Supreme Chief Ranger, which officer, according to the constitution and by-laws, is the *ex officio* president and general manager of the order. He was a proper person to

whom 'such claim should be presented, and it was rejected by him. The by-laws provide for an appeal from the Chief Ranger in cases such as this to the executive council of the order, and provide, too, that an appeal may be had from such council by a party to the Supreme Court of the order. It appears the Supreme Court of the order meets triennially or quadriennially at Toronto, Canada, as the Supreme Court may determine from time to time. By-law No. 201 of the order provides substantially that no person may prosecute a suit against the order on a certificate "until he shall have exhausted all of the remedies provided in the constitutions and laws, by appeals or otherwise." It provides, too, that if any person or his or their legal representatives institute a suit against the order "before he shall have exhausted all remedies" within the order by appeals and otherwise, he shall *ipso facto* forfeit all rights, claims and demands therein and thereto. Because of this by-law, it is argued the judgment should be reversed, for the reason no appeal was prosecuted by plaintiff within the order itself from the ruling of the Chief Ranger in rejecting the claim.

The circuit court declared peremptorily as a matter of law that these by-laws constituted no defense to the action, and it is said here this was error, as they are entirely reasonable and impose no undue burden. We are not so persuaded, for it appears that when the two by-laws material to the controversy are read together they are most unreasonable, indeed. By-law No. 196 confers the right of appeal on either party to the controversy, as will appear by reference thereto:

"IN WHOM THE RIGHT OF APPEAL IS VESTED.

"196. (1) The right of appeal shall be vested in every member of the order, and in case of the death or disability of a member the right of appeal shall be vested in his beneficiary or legal or personal 1epre-

sentative or other person deriving legal rights from him or them or any of them.

"(2) The right of appeal shall also be vested in every High Court, Subordinate Court, Companion Court, Juvenile Court and Encampment of Royal Foresters' and an appeal shall lie against the action or decision of any officer, or of any High Court, Court or Encampment, except that of the Executive Council whose action or decision shall be final and conclusive in all cases; provided that if a party feel aggrieved by a decision of the Executive Council, such party may appeal to the Supreme Court, the action or decision of which shall be final and conclusive."

The order seems to be subdivided into numerous courts, mentioned in the by-laws as High Courts, Subordinate Courts, Companion Courts, etc., and any of these courts may appeal on behalf of the order from the decision of any officer or any High Court or Encampment, except that of the Executive Council, whose decisions, it says, shall be final and conclusive in all cases. If the by-law stopped here, the provisions would be much more reasonable than they are; but it is to be noted that the same by-law provides further that if a party feel aggrieved by the decision of the Executive Council, such party may appeal to the Supreme Court, the action or decision of which shall be conclusive. It is entirely clear that this by-law confers a right of appeal upon plaintiff from the executive Council to the Supreme Court of the order, though it may be permissive only. And probably the word "party" therein would confer the same right of appeal upon defendant order. It is unnecessary, however, to determine this matter. It is enough for the purpose of the case to say that it confers a permissive right of appeal on plaintiff to the Supreme Court of the order, for if it does, then it affords a remedy which section 201 enjoins shall be exhausted before any suit may be main-

tained. So much of section 201 as is relevant here is as follows:

"NO ONE HAS RIGHT OF CIVIL ACTION UNTIL APPEALS ARE EXHAUSTED.

"(201). No member. of the order nor his beneficiary, nor his legal personal representatives, nor other person in any way interested in any of the benefits, nor any one deriving legal rights from him, or them, or any of them shall be entitled to bring any civil action or other legal proceeding against the Supreme Court, or against any other court or branch of the Supreme Court until he shall have exhausted all of the· remedies provided in the constitutions and laws, by appeals and otherwise; and any member of the order or his beneficiary or his legal personal representative, or other person in any way interested in any of his benefits, or deriving legal rights from, through, by or under, him or them, or any of them, who shall bring any civil action or other legal proceedings against the Supreme Court or against any court or any other branch of the Supreme Court before he shall have exhausted all remedies within the order by appeals and otherwise, shall *ipso facto* forfeit all benefits and all rights, claims and demands therein and thereto to which he or they or any of them might otherwise have been entitled, and if he be a member of the order he shall *ipso facto* stand suspended from the order."

This section in plain terms provides that a beneficiary may not maintain a suit on the certificate against the order "until he shall have exhausted *all* of the remedies provided in the constitutions and laws by appeals and otherwise." When the two by-laws are thus read together, they operate an unreasonable restraint, for it appears the Supreme Court of the order to which such appeal shall be directed meets, according to the constitution, only once in three or four years, as the court itself may determine, and this

meeting is had at the distant city of Toronto, in a foreign country. Though reasonable requirements as to prosecuting claims and appeals in the tribunals of an order are frequently sustained by the courts as competent matters of contract between the parties, if they do not entail considerable expense and delay, such provisions as these in judgment are universally declared to be of no force or effect, in that they operate not only to undue delay in the determination of rights but tend as well to oust the courts of jurisdiction over matters rightfully within their province. [See Kane v. Supreme Tent, etc., 113 Mo. App. 104, 87 S. W. 547; Bacon's Benefit Societies, sec. 450a.]

Because by-law 196 merely authorizes an appeal to the Supreme Court of the order after the Executive Council has acted and does not require such in terms, it is suggested that it operates no restraint on the beneficiary, as the suit might be prosecuted notwithstanding. Such, no doubt, is a sound interpretation and if it stood alone the argument would be persuasive to the end of convincing the court that it is a reasonable provision. [Supreme Lodge v. Dey, 58 Kan. 283, 49 Pac. Rep. 74; Bacon's Benefit Societies, sec. 450a.] But no one can doubt that this by-law intends to and does afford the beneficiary a remedy within the order, though it be permissive only. This being true, its reasonable or unreasonable scope must be determined by reference to the provisions of by-law 201, *in pari materia* therewith, which prescribes that no suit shall be maintained by the beneficiary until *all* of the remedies by appeal and otherwise are exhausted. Had plaintiff appealed from the Chief Ranger to the Executive Council and after that tribunal's rejection of the claim instituted suit on the certificate, no doubt the defense interposed in bar would be that *all* of the remedies within the order were not exhausted, for the reason an appeal would lie to the Supreme Court, which meets in Toronto, Canada every three or four years. Though

contractual they be, by-laws, which, if sustained, contemplate and render possible such restraint on the right of the citizen to pursue in the civil courts of the country another who is prima facie his debtor, should be treated as violative of that sound public policy which maintains that the courts should ever be available for the purpose of enforcing a right or redressing a wrong. Moreover, on the question of the reasonableness of such by-laws, a considerable element for consideration is that of the expense incidental to prosecuting an appeal in the Supreme Court of the order at Toronto, if one desired to attend the hearing in person and thus exercise a natural right to the end of preserving what he deems to be his property. When the possible effect of these by-laws upon the fundamental rights of the beneficiary are contemplated, they seem to be both unreasonable and unjust.

The Court of Appeals of New York, in a suit against this same order, gave judgment to the same effect and said substantially that the order was without power to deprive a party of a right to resort to the civil courts for redress or to compel him to seek remedies by appeal to the various judicatories erected within the order when such possible delays and expense might be entailed. The court said: "The manner in which these courts are organized, the expense and delay involved in procuring a hearing in another and very remote jurisdiction, are obstacles that amounted almost to a denial of justice." [Brown v. Order of Foresters, 176 N. Y. 132.]

We have examined with care the other question put forward for a reversal of the judgment. It is entirely clear that on the proof contained in the record the matter involved was for the jury and the court properly declared the law on the question in giving and refusing instructions. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.